Daniels v Jerome
2026 NY Slip Op 03943
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rachelle Daniels, etc., plaintiff-respondent,
v
Eric L. Jerome, defendant-appellant-respondent, Nephro-Care, Inc., defendant-respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2019-06542, (Index No. 47476/03)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Koster, Brady & Nagler, LLP (Mauro Lilling Naparty LLP, Woodbury NY [Katherine Herr Solomon and Kathryn Beer], of counsel), for defendant-appellant-respondent.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for defendant-respondent-appellant.
Daniel H. Gilberg, New York, NY, for plaintiff-respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Eric L. Jerome appeals, and the defendant Nephro-Care, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 9, 2019. The order, insofar as appealed from, denied the motion of the defendant Eric L. Jerome for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as cross-appealed from, denied the motion of the defendant Nephro-Care, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal and cross-appeal are dismissed, with one bill of costs to the plaintiff.
The appeal and cross-appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal and cross-appeal from the order are not brought up for review on the appeal from the judgment since the order did not necessarily affect the judgment (see CPLR 5501[a][1]; Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023; Martell v Dorchester Apt. Corp., 208 AD3d 1183; Stanescu v Stanescu, 206 AD3d 1031).
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court